UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-60002-CR-SINGHAL

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DARRYL GLENN WILLIAMS,
EVERETTE MARVIN PATTON,

    Defendant.
_____/

## ORDER GRANTING CONTINUANCE AND PRETRIAL INSTRUCTIONS

**THIS CAUSE** is before the Court on Defendants' Unopposed Motions to Continue Trial [DEs 27 and 28]. Having considered the motions and the reasons advanced therein, it is

**ORDERED AND ADJUDGED** that Defendants' Unopposed Motions to Continue are hereby **GRANTED.** Jury Trial in **Courtroom 110 at the United States Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301** during the two-week trial period commencing on **April 10, 2023, at 9:00 A.M.** or as soon thereafter as the case may be called. Calendar Call will be held at **9:00 A.M. on Wednesday, April 5, 2023**, at the same location. All pre-trial motions and motions *in limine* must be filed by **March 17, 2023** Each party is limited to filing one motion *in limine*; and, if there is more than one Defendant, the Defendants shall file a combined motion *in limine*. Motions *in limine* may not, without leave of the Court, exceed the page limits allowed by the Local Rules.

**ORDERED AND ADJUDGED** that the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by this continuance outweigh the best interests of the Defendant and parties in a speedy trial.

Accordingly, the period of delay resulting from this continuance through the start of trial—shall be considered excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161.

It is further **ORDERED AND ADJUDGED** as follows:

1. The parties shall comply with Local Rule 88.5, which requires the filing of speedy trial reports every twenty (20) days hereafter until the time of trial or plea.

2. All requests for writs *ad testificandum* must be filed no later than fourteen (14) business days prior to the first day of the scheduled trial period.

3. All responses pursuant to the Standing Discovery Order and/or Local Rule 88.10 shall be provided in a timely fashion in accordance with the dates scheduled by the Magistrate Judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions. Any notice submitted pursuant to Federal Rule of Evidence 404(b) shall not only comply with Local Rule 88.10(h), but also must include a specific factual basis for the evidence sought to be introduced.

4. To the extent required by Local Rule 88.9, all motions shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion. E-mail communications shall not be sufficient to constitute

conferral. Counsel must actually speak to one another, either in person or over the phone, in a good faith effort to resolve their disputes prior to filing any motion.

5. Counsel shall be prepared to conduct limited *voir dire* following the Court's questioning of the panel. At any time prior to Calendar Call, each party may file up to five proposed *voir dire* questions, including sub-parts, for the Court to ask of the venire. The Court will not permit the backstriking of jurors.

6. The parties shall submit, in Word format, via e-mail to Singhal@flsd.uscourts.gov, proposed jury instructions, including substantive charges and defenses, and a verdict form prior to Calendar Call. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by the Government shall be underlined. Instructions proposed solely by the defense shall be italicized. Every instruction must be supported by citation to authority.

7. Prior to Calendar Call, all counsel shall file lists of proposed witnesses and/or exhibits to be presented at trial. All exhibits to be offered into evidence must be pre-labeled in accordance with the proposed exhibit list. Government exhibits shall be designated numerically; defense exhibits, alphabetically.

8. **The deadline for the scheduling of guilty pleas is March 29, 2023.** *See, e.g.*, *United States v. Gamboa*, 166 F.3d 1327, 1331 (11th Cir. 1999) (citing *United States v. Ellis*, 547 F.2d 863, 868 (5th Cir. 1977)).

9. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel prior to Calendar Call. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

10. All anticipated Jencks Act, 18 U.S.C. §3500, material shall be turned over to defense counsel no later than the morning of the first day of trial. The material shall include a face sheet for defense counsel to sign and date, acknowledging receipt.

11. Upon receipt of this Order, counsel for each defendant shall certify with the Court's courtroom deputy whether that Defendant requires the aid of an interpreter. All parties are under an additional instruction to notify the Court, at least 24 hours prior to any hearings or trial, if an interpreter is required.

12. Arrangements for appropriate clothing for Defendants in custody must be made with the Bureau of Prisons at least seven (7) days prior to the scheduled trial date.

13. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders, which must be filed as attachments to those motions. Furthermore, pursuant to CM/ECF administrative procedures, proposed orders shall be submitted to the court by e-mail to Singhal@flsd.uscourts.gov in Word format.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of February 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF