**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-60002-AHS**

**UNITED STATES OF AMERICA,**

**v.**

**DARRYL GLENN WILLIAMS,**
**Defendant.**
______________________________/

**GOVERNMENTS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (DE: 61)**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response in Opposition to Defendant's Motion for Early Termination of Supervised Release ("Motion") (DE: 61).

**BACKGROUND**

On January 5, 2023, the Defendant and a co-defendant were charged in an indictment with one count of conspiracy to possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846 (Count 1); and one count of possession with intent to distribute more than 500 grams of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Count 2). (DE: 18).

On April 5, 2023, pursuant to a written plea agreement and factual proffer, the defendant pleaded guilty to Count 2 of the indictment. (DE: 34-36). As described in the stipulated factual proffer, the Defendant offered to sell a confidential source a kilogram of cocaine. (DE: 36). The Defendant booked a room at a hotel in Dania Beach, Florida for December 8, 2022. (Id.) Hotel security cameras captured the Defendant checking into the hotel room, as well as the co-defendant arriving in his vehicle and carrying a box into the Defendant's hotel room. (Id.). After the co-

defendant arrived with the box, the Defendant contacted the confidential source to complete the transaction for the kilogram of cocaine in the hotel parking lot. (Id.). The confidential source arrived in the parking lot with an undercover law enforcement officer, and the Defendant exited the hotel and entered the vehicle carrying a backpack. (Id.). Once inside the vehicle, the Defendant opened the backpack and gave the undercover agent a rectangular-package wrapped in electrical tape that contained a white, powder-like substance. (Id.). A laboratory analysis confirmed the substance was cocaine, with an approximate weight of 995 grams. (Id.). During a post-*Miranda* interview, Defendant admitted to selling the undercover agent and the confidential source the kilogram of cocaine. (Id.).

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). According to the PSI, the defendant's base offense level was 24, as the offense involved at least 500 grams but less than two kilograms of cocaine. (PSI ¶ 26). The Defendant received a two-point reduction for meeting the safety valve criteria, and a three-point reduction for acceptance of responsibility. This resulted in an adjusted offense level of 19, and allowed the Court to sentence the defendant to a sentence without regard to the five-year mandatory minimum sentence. The Defendant had no criminal history points assessed, which resulted in a Criminal History Category of I. (PSI ¶ 35).

The Defendant filed a notice of intent to seek a downward variance, based upon the adopted amendment to the Sentencing Guidelines authorizing an additional two-point reduction from the base offense level for having zero criminal history points that went into effect on November 1, 2023. (DE: 50). At his sentencing hearing on June 15, 2023, the Court granted the Defendant's motion for a downward variance and sentenced Defendant to a sentence of 23 months' imprisonment as to Count 2, five years' supervised release, and a $100 special assessment. (DE:

54).

Defendant now files a motion for early termination of supervised release. (DE: 61). The Defendant started his five-year term of supervised release on November 1, 2024, and the supervision is set to expire on October 31, 2029. The Defendant has served approximately thirty-six percent (36%) of his five-year term of supervised release.

The government would oppose Defendant's motion at this time. The undersigned has spoken to United States Probation Officer Holly Harrison, who stated that Probation also opposes Defendant's Motion, based upon the nature and circumstances of the offense. While the government commends the Defendant for maintaining gainful employment, this is a standard condition of supervised release. Similarly, avoiding arrest or violations while on supervised release is an expected condition of those on supervised release, and not an exceptional achievement that alone warrants early termination. The government does recognize that many fail to achieve these expected conditions, and the government certainly hopes that Defendant will continue with his successful progress in living a law-abiding life.

Regardless of Defendant meeting these basic expected conditions of supervised release, an analysis of the nature and circumstances of the underlying offense weigh heavily against Defendant's request. The Defendant was convicted after a plea of guilty to possessing with intent to distribute more than 500 grams of cocaine. The Defendant negotiated to sell a confidential source a kilogram of cocaine, and then he made the sale of the approximate kilogram of cocaine to the confidential source and an undercover agent. This is a very serious offense that involved a large quantity of cocaine, a dangerous controlled substance. Additionally, the Defendant conducted the transaction of the approximate kilogram of cocaine in a public parking lot. While the Defendant is sixty-six (66) years old, the Defendant committed the underlying offense when

he was sixty-two (62) years old, which indicates that Defendant's age is not a barrier to committing serious crimes.

Therefore, the government submits that Defendant is not a good candidate for early termination of supervised release. The Defendant has only completed approximately twenty-two (22) months of the five-year term of supervised release. All of these facts weigh heavily against Defendant's motion for early termination, and the government respectfully requests that the motion be denied. The government would join with Probation in opposing Defendant's motion.

**Conclusion**

Therefore, the United States opposes Defendant's Motion for Early Termination of Supervised Release. The United States respectfully requests that Defendant's motion be denied at this time.

Respectfully submitted,
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: s/Brian Dobbins
Brian Dobbins
Assistant United States Attorney
Court No. A5501182
99 NE 4th Street
Miami, FL 33172
(305) 961-9304
brian.dobbins@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed and served electronically with the Court's CM/ECF system on August 18, 2026. A copy of this response was also mailed to:

**Mr. Darryl Glenn Williams, *pro se***
**307 S. 29th Terrace**
**Hollywood, FL 33020**

By: s/Brian Dobbins
Assistant United States Attorney